United States District Court
Southern District of Texas
**ENTERED**
September 29, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ADAN RAMIREZ and<br>SANDRA RAMIREZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:20-cv-00211 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY and DAVID | § | |
| BACKER, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

The Court now considers "Plaintiffs' Adan Ramirez and Sandra Ramirez Opposed Motion to Remand,"[1] Defendant's response,[2] and Plaintiffs' reply.[3] The Court also considers "Defendant Allstate Vehicle and Property Insurance Company's Motion for Partial Dismissal Under Rule 9(b) and 12(b)(6),"[4] Plaintiffs' response,[5] and Defendant's reply.[6] After considering the motions, record, and relevant authorities, the Court **DENIES** both motions.

### I.   BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute. Plaintiffs allege they "sustained covered losses in the form of wind and/or hail damage and damages resulting therefrom" to their home.[7] Plaintiffs allege that Defendants failed to conduct a full investigation and wrongfully denied Plaintiffs' insurance

---

[1] Dkt. No. 12.
[2] Dkt. No. 13.
[3] Dkt. No. 17.
[4] Dkt. No. 2.
[5] Dkt. No. 16.
[6] Dkt. No. 18.
[7] Dkt. No. 1-2 at 3, ¶ 12.

claim on their property.[8] Plaintiffs brought claims in state court on June 24, 2020, for breach of contract, noncompliance with the Texas Insurance Code, and breach of the duty of good faith and fair dealing.[9] Defendants appear to have been served on July 6th,[10] answered in state court,[11] then timely[12] removed to this Court on August 5th.[13] Defendant asserts that diversity jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).[14] Plaintiffs and Defendant David Backer are citizens of Texas,[15] but Defendant Allstate is a citizen of Illinois.[16] Plaintiffs moved to remand on September 4th,[17] Defendant expediently responded on September 10th,[18] and Plaintiffs replied on September 17th.[19] The motion is ripe for consideration. In addition, promptly after removing to this Court, Defendant filed a motion for partial dismissal[20] and that motion is also ripe.

## II. MOTION TO REMAND

The Court first considers Plaintiffs' motion to remand because it attacks the Court's jurisdiction.

### a. Legal Standard

It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[21] District courts have limited jurisdiction and the authority to remove an action from state to

---

[8] *Id.* at 3–4, ¶¶ 12, 14.
[9] *Id.* at 4–11
[10] Dkt. No. 1 at 2, ¶ 3 (citing Dkt. No. 1-3).
[11] Dkt. No. 1-4.
[12] *See* 28 U.S.C. § 1446(b).
[13] Dkt. No. 1.
[14] Dkt. No. 1 at 2–3, ¶ 8.
[15] Dkt. No. 1-2 at 2, ¶¶ 3, 5.
[16] Dkt. No. 1 at 3, ¶ 10.
[17] Dkt. No. 12.
[18] Dkt. No. 13.
[19] Dkt. No. 17.
[20] Dkt. No. 2.
[21] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).

federal court is solely conferred by the Constitution or by statute.[22] While the Court has jurisdiction to determine its jurisdiction,[23] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[24] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[25] The Court determines its jurisdiction by considering the plaintiff's claims as they existed at the time of removal,[26] which cannot be defeated by the plaintiff's later amendment.[27]

If the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different state from each plaintiff[28] and the amount in controversy exceeds $75,000.[29] Accordingly, "[w]hen original federal jurisdiction is based on diversity . . . a defendant may remove only 'if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'"[30] Citizenship, domicile, and residency are frequently conflated terms; for diversity jurisdiction purposes, a person is a citizen of the state where that person resides and has an intention to remain or make his or her home, and a business entity is typically a citizen of the state both where it is incorporated and where it has its principal

---

[22] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[23] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

[24] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[25] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)

[26] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007); *see Pullman Co. v. Jenkins*, 305 F.3d 534, 537 (1939) (holding that removal is to be "determined according to the plaintiffs' pleading at the time of the petition for removal").

[27] *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 265 (5th Cir. 1995).

[28] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side.").

[29] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

[30] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting 28 U.S.C. § 1441(b)).

place of business.[31] "The removing party, the party seeking the federal forum, bears the burden of showing that federal jurisdiction exists and that removal was proper,"[32] and must overcome this Court's presumption that cases lie outside its narrow jurisdiction.[33] "Each factual issue necessary to support subject matter jurisdiction 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'"[34]

If each defendant is not a citizen of a different state from each plaintiff, a party—usually a removing defendant—may claim that the plaintiff improperly or fraudulently joined parties to defeat federal diversity jurisdiction. The citizenship of an improperly joined party is then disregarded in determining the Court's jurisdiction.[35] The doctrines of fraudulent or improper joinder ensure "that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[36] There is a heavy burden upon the party claiming improper or fraudulent joinder.[37] The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[38] The Court determines "whether [the plaintiff] has *any possibility of recovery* against the party whose joinder is questioned. If there is arguably a *reasonable basis* for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This *possibility,*

---

[31] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313–14 (5th Cir. 2019); *Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 451 (5th Cir. 2003).

[32] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

[33] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[34] *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)), *quoted in MidCap Media Fin.*, 929 F.3d at 315 n.*.

[35] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc) (quoting 28 U.S.C. § 1441(b)).

[36] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

[37] *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

[38] *Smallwood*, 385 F.3d at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

*however, must be reasonable,* not merely theoretical."[39] To test this reasonable basis for recovery, the Court may resolve the issue with a two-step analysis. First, "[t]he court may conduct a [Federal Rule of Civil Procedure] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[40] The Court uses federal pleading standards in assessing the state court complaint.[41] A Rule 12(b)(6) analysis "leaves intact the well-pleaded complaint doctrine with all its intended reach,"[42] so the analysis accepts all well-pled facts in the complaint as true and interprets those facts in the light most favorable to the plaintiff, then asks whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."[43] The Court does not make credibility determinations or discount the complaint's factual allegations.[44] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[45] If a complaint can survive a Rule 12(b)(6) analysis, there is no improper joinder as to that party.[46] "[T]he existence of even a single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[47] But if "there is no reasonable basis for the district court to predict

---

[39] *Travis,* 326 F.3d at 648 (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).
[40] *Smallwood,* 385 F.3d at 573.
[41] *Int'l Energy Ventures Mgmt. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016).
[42] *Smallwood,* 385 F.3d at 576.
[43] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[44] *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).
[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[46] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200.
[47] *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

that the plaintiff might be able to recover against an in-state defendant," the party was improperly joined.[48]

In instances in which the propriety of joinder is still questionable after the Rule 12(b)(6)-like analysis, or if the plaintiff has misstated or omitted facts that would determine the propriety of joinder, the Court may in its discretion pierce the pleadings and conduct a "summary inquiry" to consider "summary judgment-type evidence such as affidavits and deposition testimony" but will not pretry factual issues.[49]

While a District Court has jurisdiction to determine its own jurisdiction in considering a motion to remand, the focus of the inquiry on a motion to remand must "must be on the joinder, not the merits of the plaintiff's case."[50] Importantly, "removal statutes are to be strictly construed against removal; doubts as to removal are resolved in favor of remanding the case to state court."[51] Specifically, the Court will resolve all legal and factual issues, doubts, and ambiguities in favor of remand,[52] because the exercise of jurisdiction over a removed case "deprives a state court of a case properly before it and thereby implicates important federalism concerns."[53]

---

[48] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (quoting *Smallwood*, 385 F.3d at 573).

[49] *Hart v. Bayer Corp.,* 199 F.3d 239, 246–47 (5th Cir. 2000); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005).

[50] *Int'l Energy Ventures Mgmt.*, 818 F.3d at 209–10 (quoting *Smallwood*, 385 F.3d at 573); *see Smallwood*, 385 F.3d at 576 (emphasis added) ("When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the *joinder* was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court.").

[51] *Tebon v. Travelers Ins. Co.*, 392 F. Supp. 2d 894, 898 (S.D. Tex. 2005) (Jack, J.) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) & *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

[52] *Lorenz v. Tex. Workforce Comm'n*, 211 F. App'x 242, 245 (5th Cir. 2006) (citing *Guillory v. PPG Indus.*, 434 F.3d 303, 308 (5th Cir. 2005)); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (alterations in original) (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)) ("[T]he district court is 'obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in [the plaintiff's] favor.'").

[53] *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548–49 (5th Cir. 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, the federal tribunal poaches upon the territory of a coordinate judicial system, and its decisions, opinions, and orders are of no effect. . . . Thus, the trial court must be certain of its jurisdiction before embarking upon a safari in search of a judgment on the merits.").

### b. **Analysis**

#### 1. *The Voluntary-Involuntary Rule and Defendant's Election of Liability*

In its notice of removal, Defendant insurer Allstate argues that it accepted liability for its agent adjuster Defendant David Backer,[54] so he is improperly joined and his consent to removal is not required.[55] Plaintiffs argue that "[t]he dismissal of Backer pursuant to 542A.006 would not be a voluntary act of the Plaintiffs, and, as such, removal in this case violates the voluntary-involuntary rule."[56]

Texas Insurance Code § 542A.006 is entitled "Action Against Agent; Insurer Election of Legal Responsibility," and provides for an insurer to irrevocably elect to accept its agent's[57] liability as its own by notifying the claimant. Thereafter, the court "shall dismiss the action against the agent with prejudice."[58] In this case, on August 4, 2020, Defendant Allstate invoked this statute and notified Plaintiffs.[59] The Court may consider this letter and election.[60] However, the state court did not act on this election because Defendants removed to this court one day after their election.[61]

---

[54] The Court pauses to note that Defendant David Backer died on January 4, 2020, before Plaintiffs' initiation of this case in state court in June 2020. Dkt. No. 15. However, this fact does not affect the Court's analysis at this time. *See* FED. R. CIV. P. 25(a).

[55] Dkt. No. 1 at 2, ¶ 6.

[56] Dkt. No. 12 at 4, Section III.B.1.

[57] *See* TEX. INS. CODE ANN. § 542A.001(a) (West 2020) ("'Agent' means an employee, agent, representative, or adjuster who performs any act on behalf of an insurer.").

[58] TEX. INS. CODE ANN. § 542A.006(c) (West 2020).

[59] Dkt. No. 1-5. Plaintiffs argue the election was ineffective because their lead counsel was not notified. Dkt. No. 12 at 5 n.1. The Court agrees with Defendants that the election was effective because Defendants notified Plaintiffs' co-counsel on August 4, 2020, and "immediately emailed" Plaintiffs' lead counsel the election notice after Defendants became aware of difficulties reaching Plaintiffs' lead counsel that same day. Dkt. No. 13 at 2 n.1.

[60] *Vyas v. Atain Specialty Ins. Co.*, 380 F. Supp. 3d 609, 613 (S.D. Tex. 2019) (Rosenthal, C.J.) (citing *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004)).

[61] Dkt. No. 1.

However, "'a case nonremovable on the initial pleadings [can] become removable only pursuant to a voluntary act of the plaintiff'; this is the 'voluntary-involuntary' rule."[62] "The purpose of the [voluntary]-involuntary rule is both to promote judicial efficiency and to protect a plaintiff's right to select his forum."[63] The voluntary-involuntary rule is premised on numerous Supreme Court opinions protecting a plaintiff's right to choose the forum and the pragmatic purpose of "ensuring that a federal court does not exercise jurisdiction in a removed case on the basis of an involuntary dismissal of a diversity-defeating defendant *that is susceptible to reversal on appeal in state court*."[64] The Fifth Circuit acknowledges and applies the voluntary-involuntary rule, but has found it inapplicable when there is an "unappealed severance, by a state court, of claims against improperly joined defendants"[65] The applicability of the voluntary-involuntary rule is at issue in this case. However, before turning to that issue, the Court considers the Texas Insurance Code and Defendant's election of liability.

"Whether a § 542[A].006 election that is made after an insured files suit in state court but before the action is removed renders a non-diverse [insurance] agent an improper party has not been addressed by the Fifth Circuit. Much ink has been spilt, however, by district courts that have split on the impact of such an election on the improper joinder analysis."[66]

> [The Western District of Texas] has previously held, and no one seems to disagree, that when an insurer makes its election <u>before</u> an insured files suit, no cause of action exists against the agent, and if the insured later names the agent as a non-diverse defendant the court may disregard that agent's citizenship for purposes of diversity jurisdiction. There is disagreement, though, when an insurer elects to accept liability at any time <u>after</u> the insured files suit. . . . [The majority]

---

[62] *Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 52 (5th Cir. 2008) (quoting *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)).

[63] *Navarrette v. A.S. Horner, Inc.*, No. EP-16-CV-370-PRM, 2017 WL 1536086, at *2 (W.D. Tex. Jan. 31, 2017) (footnotes omitted).

[64] *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 1003–04 (S.D. Ill. 2007) (emphasis added) (collecting cases discussing the purpose of the voluntary-involuntary rule).

[65] *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006); *see infra* note 94, 99.

[66] *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 670–71 (S.D. Tex. 2020) (Ellison, J.) (citation omitted).

line of cases reasons that when an insurer elects to accept liability <u>after</u> a suit has been filed, then the joinder of the non-diverse defendant was not improper <u>at the time</u> the suit was filed. Thus, even though there is no possibility a plaintiff will recover against the non-diverse defendant in state court following an insurer's post-suit election, these courts have declined to find improper joinder and granted remand.[67]

Here, Plaintiffs filed suit in June 2020[68] and Defendants did not make their election until August 2020,[69] implicating this disagreement. Whether this Court joins the majority or minority view of Texas federal District Courts will govern the effect of Defendants' election of liability.

> Under the majority view, the touchstone of the improper joinder inquiry is whether parties were improperly joined at the time of joinder, and thus that an insurer's § 542[A].006 election after a lawsuit has commenced does not by itself establish improper joinder. On the other hand, a minority of courts have concluded that a § 542[A].006 election made after a lawsuit commences but before removal renders the in state adjuster improperly joined because the election, which requires that the adjuster be dismissed with prejudice, precludes any recovery against the adjuster.[70]

This Court now enlarges the minority view described by the Western District of Texas in *Bexar Diversified MF-1, LLC v. General Star Indemnity Co.*[71] and explains why. First, the Court acknowledges the deceptive simplicity of the majority view described in *Stephens v. Insurance Co. of Indiana*:

> The timing of an insurer's election is critical to a court's improper joinder inquiry. . . . [I]f the election is made pre-suit, an adjuster subsequently joined is joined when state law mandates that there can be no viable claims against him. If, however, the election is made after an insured commences action, a diverse defendant–insurer cannot rely solely on the fact that the insured is now prohibited from recovering against the non-diverse adjuster. An election made after suit commences does not challenge the joinder of the non-diverse adjuster and, as a result, has no bearing on whether a plaintiff–insured asserted viable claims against the non-diverse adjuster when joining him to the action. Simply put, if an insurer elects to accept full responsibility of an agent/adjuster after the insured

---

[67] *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *3 (W.D. Tex. Nov. 18, 2019).
[68] Dkt. No. 1-2.
[69] Dkt. No. 1-5.
[70] *Stowell v. United Prop. & Cas. Ins. Co.*, No. 3:20-CV-0527-B, 2020 WL 3270709, at *3 (N.D. Tex. June 16, 2020) (internal quotation marks and citations omitted).
[71] *Id.*

commences action in state court, the insurer must prove that the non-diverse adjuster is improperly joined for reasons independent of the election made under Section 542A.006 of the Texas Insurance Code.[72]

However, this Court believes the *Stephens* holding is not properly grounded in Fifth Circuit precedent and errs in holding that the timing of the § 542A.006 election is dispositive.[73] That holding is inconsistent with governing precedent instructing the Court to examine whether subject matter jurisdiction is present at the time of removal, not necessarily at the time of plaintiff's complaint.[74] "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed *at the time of removal*," not as they existed *when first made*.[75]

Additionally, the Court finds that *Stephens* and the similar *River of Life* case[76] commit another error of interpretation. Both cases rely heavily on the Fifth Circuit precedent *Smallwood v. Illinois Central Railroad Co.*[77] *Smallwood* decided the "narrow" issue that "when a nonresident defendant's showing that there is no reasonable basis for predicting that state law would allow recovery against an in-state defendant equally disposes of all defendants, there is no improper joinder of the in-state defendant."[78] *Smallwood*'s essential holding is that, when a case

---

[72] No. 4:18-CV-00595, 2019 WL 109395, at *6–7 (E.D. Tex. Jan. 4, 2019).

[73] *See id.* ("The timing of an insurer's election is critical to a court's improper joinder inquiry. That is, whether an insurer's election to accept full liability of an adjuster is tantamount to a finding of improper joinder turns on if it was made prior to or after the state court action was commenced."); *accord River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019) ("Church Mutual did not elect responsibility for [agent] Harris for more than another two months. Church Mutual's election of responsibility therefore did not render Harris's joinder improper, because it did not preclude recovery against Harris until months after his joinder. If Harris is improperly joined, it must be for a reason that predated his joinder.").

[74] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007) (emphasis added) ("The district court is required to determine whether there is complete diversity only at the time the plaintiffs bring a suit **or** when the defendants remove a case to federal court."); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (subject matter jurisdiction is "to be determined according to the plaintiffs' pleading at the time of the petition for removal").

[75] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (emphasis added); *see Chavez v. State Farm Lloyds*, 746 F. App'x 337, 340–41 (5th Cir. 2018) (quotation omitted) (emphasis added) ("The court determines whether there is federal jurisdiction based on the claims in the state court petition as they existed *at the time of removal*."); *accord infra* note 97.

[76] *River of Life*, 2019 WL 1767339, at *3.

[77] 385 F.3d 568 (5th Cir. 2004) (en banc).

[78] *Id.* at 571.

is removed from state to federal court and the plaintiff attacks the federal court's jurisdiction, if while analyzing the plaintiff's joinder of non-diverse defendants, the federal court finds that all of the plaintiff's claims are nonmeritorious, the *entire* case must be remanded rather than dismissed. This is why *Smallwood* labels this issue "narrow." As phrased by the *Smallwood* court,

> a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as "sham" defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case . . . .[79]

The Fifth Circuit explained in *Smallwood* that "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[80] The Fifth Circuit went on to acknowledge that, in those narrow circumstances, remanding the entire case instead of dismissing the case outright may be unwise from a judicial economy standpoint, but "the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper. Indeed, until the removing party does so, the court does not have the authority to do more; it lacks the jurisdiction to dismiss the case on its merits. It must remand to the state court."[81] In other words, the jurisdictional analysis must supersede merits analyses; if the analysis overlaps such that a jurisdictional ruling would be "equally dispositive of *all defendants* rather than to the in-state defendants *alone*," then joinder was not really improper because "there is only a lawsuit lacking

---

[79] *Id.* at 574.
[80] *Id.* at 573.
[81] *Id.* at 576.

in merit," which is why remand to state court is required.[82] A post-*Smallwood* case confirms this is the correct interpretation of *Smallwood*.[83]

This Court believes *Stephens* and *River of Life* misinterpret *Smallwood* and err in their holding that the district court "must focus on the joinder of nondiverse defendants and not solely on the possibility of recovery against those defendants," therefore an insurer's post-complaint § 542A.006 election is irrelevant to the improper joinder inquiry.[84] *River of Life* holds that "[t]he possibility-of-recovery inquiry is a means to discerning whether the joinder of a nondiverse defendant was improper, not an end in itself. . . . The focus must remain on whether the nondiverse party was properly joined when joined."[85] But this holding incorrectly states the test used in *Smallwood*. The Northern District of Texas recognized that "[the Western District of Texas] is correct in that '*Smallwood* acknowledges, "the test[...] is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."'"[86] To be absolutely clear, the *Smallwood* court stated that it was "adopt[ing] this phrasing of the required proof and reject[ing] all others, whether the others appear to describe the same standard or not."[87] Ignoring this clear statement of the correct test for improper joinder, *River of Life* instead stresses *Smallwood*'s holding that "the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case," while misunderstanding that that statement, in context, was used to

---

[82] *Id.* at 574–75.

[83] *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (quotations omitted).

[84] *River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019).

[85] *River of Life*, 2019 WL 1767339, at *3.

[86] *Stowell v. United Prop. & Cas. Ins. Co.*, No. 3:20-CV-0527-B, 2020 WL 3270709, at *4 (N.D. Tex. June 16, 2020) (first quoting *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019); and then quoting *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

[87] *Smallwood*, 385 F.3d at 573; *accord infra* note 94.

support the *Smallwood* court's holding that a district court's decision that would resolve the *merits* of the entirety of the plaintiff's case while analyzing *joinder* must remand instead of dismissing the case. Other courts make this same mistake.[88] As a post-*Smallwood* Fifth Circuit precedent recognizes, the "reasonable basis of recovery" test always applies "*unless that showing compels dismissal of all defendants*."[89] *River of Life* ignores these holdings and the reasonable basis of recovery test and overemphasizes an out-of-context sentence in *Smallwood* while underemphasizing the Fifth Circuit's test for improper joinder.[90] *River of Life* and *Stephens* are unpersuasive for that reason; their insistence that "[t]he focus must remain on whether the nondiverse party was properly joined when joined"[91] is inconsistent with Fifth Circuit precedent.[92]

Most importantly, this Court's holding adopting the soi-disant minority view is supported by the most recent applicable Fifth Circuit precedent, *Hoyt v. Lane Construction Corp.*[93] That case held that "[t]he judicially created voluntary-involuntary rule is *itself* subject to a judicially created exception for improper joinder. When the non-diverse defendant was improperly joined,

---

[88] *E.g.*, *Macari v. Liberty Mut. Ins. Co.*, No. CV H-19-3647, 2019 WL 5595304, at *1 (S.D. Tex. Oct. 30, 2019) (Atlas, J.) (quotation omitted) ("[I]n conducting improper-joinder inquiries, the focus must remain on whether the nondiverse party was properly joined when joined . . . . [Insurer's] election, made after the lawsuit was filed, does not retroactively render [agent] an improperly joined party."); *Robbins Place W. Campus, LLC v. Mid-Century Ins. Co.*, No. A-18-CV-875-LY, 2019 WL 2183792, at *3 (W.D. Tex. May 21, 2019) (citing only district court authority) ("[I]n deciding whether a party has been fraudulently joined for purposes of diversity, the focus must be on the claims made against that party when the case against that party was filed. If those claims were valid at that time, then it cannot be said that the joinder of that party was fraudulent."); *Walters v. Colbert*, No. 4:19-cv-04243 (S.D. Tex. Apr. 9, 2020) (Hittner, J.), Dkt. No. 16 at 4–5.

[89] *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (emphases in original).

[90] *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (acknowledging that the focus is on joinder, but emphasizing the correct test is whether there is a possibility of recovery against an in-state defendant).

[91] *Stowell v. United Prop. & Cas. Ins. Co.*, No. 3:20-CV-0527-B, 2020 WL 3270709, at *4 (N.D. Tex. June 16, 2020) (alteration in original) (quoting *River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019)).

[92] *See supra* notes 74–75, 86–87.

[93] *See Barnes Burk Self Storage, LLC v. United Fire & Cas. Co.*, No. 7:19-CV-00099-M, 2019 WL 6717590, at *2 (N.D. Tex. Dec. 10, 2019) (Lynn, C.J.) ("[T]hese decisions pre-date *Hoyt*, which promulgated a narrow but clear exception to the voluntary-involuntary rule for state court orders that create diversity and which cannot be reversed on appeal.").

'the voluntary-involuntary rule is inapplicable.'"[94] Improper joinder *does not necessarily mean* that joinder was improper when made, improper joinder can also be established by showing "the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[95] *Hoyt* went on to affirm the district court's denial of the plaintiff's motion for remand.[96] Interpreting this precedent, the Western District of Texas noted the following:

> The improper joinder [in *Hoyt*] was based on the state court granting summary judgment in favor of the non-diverse defendant, thus dismissing them from the case. There is no argument or discussion [in *Hoyt*] of whether this dismissal by the state court meant that no cause of action existed <u>at the time of the joinder</u>. Rather, the Fifth Circuit focused on whether <u>at the time of removal</u> there was any possibility the plaintiff could establish a cause of action against the non-diverse defendant.[97]

Although the Court questions the reasoning in *Hoyt*,[98] the Fifth Circuit did hold that, "[w]hen a state court order creates diversity jurisdiction and that order cannot be reversed on appeal, our precedent treats the voluntary-involuntary rule as inapplicable."[99] This holding follows from a discussion of whether the in-state defendant was improperly joined after the state court's grant of summary judgment, and must be viewed in that context.

In the face of this confusing precedent, district courts defending the majority rule note that *Hoyt* dealt with a dispositive state court order prior to removal of the case, and reason that it

---

[94] *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019) (citation omitted) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)); *accord Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 947 (S.D. Tex. 2019) (Marmolejo, J.) (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc)) (alteration in original) ("The improper-joinder doctrine allows a court to dismiss a non-diverse defendant from a removed state case and disregard that defendant's citizenship for purposes of diversity jurisdiction when a 'defendant has demonstrated that there is no possibility of recovery by the plaintiff against [the non-diverse] defendant.'").

[95] *Hoyt*, 927 F.3d at 296.

[96] *Id.* at 297.

[97] *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *4 n.2 (W.D. Tex. Nov. 18, 2019) (first emphasis added).

[98] *See Hoyt*, 927 F.3d at 300–303 (Haynes, J., dissenting).

[99] *Hoyt*, 927 F.3d at 297.

is therefore not controlling in instances when no dispositive state court order exists.[100] However, the Fifth Circuit emphasized that a state court order is not the only mode of establishing improper joinder: "Assessing a plaintiff's ability to establish a cause of action against a non-diverse defendant in state court turns on whether the state courts have already ruled on the merits of the plaintiff's claim. *If a state court has not yet ruled, the federal court must ask* whether 'there [is] any reasonable possibility that a state court would rule against the non-diverse defendant.'"[101] Defenders of the majority rule are correct to point out that *Hoyt* also stated, "[w]hen a *state court order* creates diversity jurisdiction and that order cannot be reversed on appeal, our precedent treats the voluntary-involuntary rule as inapplicable."[102] However, again, the Fifth Circuit explained that the *substance* behind that rule "makes sense *because there is no risk of reversal* of an unappealed severance order."[103] Yet the Fifth Circuit's explicit instruction that "[i]f a state court has not yet ruled, the federal court must ask whether there is any reasonable possibility that a state court would rule against the non-diverse defendant,"[104] has been overlooked in favor of cabining Fifth Circuit precedent to its precise facts despite numerous intimations to the contrary.[105] Although *Hoyt* discussed a dispositive state court order because

---

[100] *Shenavari v. Allstate Vehicle & Prop. Ins. Co.*, 448 F. Supp. 3d 667, 672 (S.D. Tex. 2020) (Ellison, J.), *quoted in Stowell v. United Prop. & Cas. Ins. Co.*, No. 3:20-CV-0527-B, 2020 WL 3270709, at *4 (N.D. Tex. June 16, 2020)).
[101] *Hoyt*, 927 F.3d at 296 (alteration in original) (emphasis added) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).
[102] *Id.* at 297 (emphasis added).
[103] *Id.* (quoting 14C JOAN E. STEINMAN, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 3723 (rev. 4th ed. 2020)).
[104] *Hoyt*, 927 F.3d at 296 (quotation and alteration omitted).
[105] *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis added) ("At the point of decision, the federal court must engage in an act of prediction: **is there any reasonable possibility that a state court would rule against the non-diverse defendant**? **If** a state court has come to judgment, is there any reasonable possibility that the judgment will be reversed on appeal?"), *quoted in Hoyt*, 927 F.3d at 296; *Arthur v. E.I. du Pont*, 798 F. Supp. 367, 369 (S.D.W. Va. 1992) (emphases added) (internal quotation marks and citations omitted) ("[A] claim of fraudulent joinder is a well established exception to the voluntary-involuntary rule. Fraudulent joinder will be found when there is **no arguably reasonable basis for predicting that state law might impose liability** on the facts involved. **If** a state trial court has dismissed the nondiverse defendant, the inquiry, similarly, is whether there is any reasonable possibility that such judgment will be reversed on appeal."); *quoted in Hoyt*, 927 F.3d at 296; *Hoyt*, 927 F.3d at 296–97 nn.3–4 (explaining that the "bottom line" is that the plaintiff's case against the non-diverse defendant

those were the circumstances in that case, this Court does not read *Hoyt* to be confined to its precise facts. Accordingly, the Court rejects the *Stephens* and *River of Life* precedents and joins the view that "even when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent."[106] This holding is consistent with the fundamental substance at issue: whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant" so the in-state defendant is therefore improperly joined even if the insurer elected a post-complaint assumption of liability,[107] because there should be no difference in outcome as a consequence of the *time* the insurer made its § 542A.006 election when the *substantive result* (whether the plaintiff can assert any claims against the insurer's agent) is identical.[108]

---

is not winnable and the non-diverse defendant cannot be brought back into the case because the plaintiff's claims "are meritless").

[106] *Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018); *see Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (quotations and footnotes omitted) ("In *Smallwood*, we explained that a non-diverse party is improperly joined if the plaintiff is unable to establish a cause of action against the non-diverse party in state court. Thus, the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant."); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) ("The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining nondiverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined.").

[107] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc); *see Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016) (en banc) (quotations omitted) ("[A] non-diverse party is improperly joined if the plaintiff is unable to establish a cause of action against the non-diverse party in state court. Thus, the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant.").

[108] *Cf. Flores*, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) ("There should not be a difference in result when the defendant obtains the dismissal in the state court two days before removal as opposed to upon removal to the federal district court."); *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *3 (W.D. Tex. Nov. 18, 2019) ("This Court has previously held, and no one seems to disagree, that when an insurer makes its election *before* an insured files suit, no cause of action exists against the agent . . . . There is disagreement, though, when an insurer elects to accept liability at any time *after* the insured files suit."). Even the *Stephens* opinion admits that "if the election is made pre-suit, an adjuster subsequently joined is joined when state law mandates that there can be no viable claims against him," but goes on to hold that a post-suit election results in a

Plaintiffs make three arguments to avoid this holding, none of which are availing. The first is that,[109] in a 2018 case predating *Hoyt*, this Court rejected the insurer defendant's argument that the voluntary-involuntary rule "does not apply to non-merits based dismissals" and held that "the inquiry for the court is not whether the state court dismissal was on the merits, but whether the dismissal is 'tantamount to a finding of' fraudulent/improper joinder."[110] Of course, this holding is nonbinding,[111] was not decided in light of *Hoyt*, and incorrectly implies that the "tantamount to" test is the proper or only description of improper joinder in the context of the voluntary-involuntary rule. Again, "[w]hen the non-diverse defendant was improperly joined, the voluntary-involuntary rule is inapplicable," and the Court tests whether the non-diverse defendant was improperly joined by looking to whether there is any reasonable basis for predicting liability against the non-diverse Defendant[112] at the time of the petition for removal.[113] The holding in the case is unpersuasive.

Plaintiffs next contend that a pre-complaint election and post-complaint election differ in kind.[114] If the insurer makes a pre-complaint § 542A.006 election, under the statutory language, "no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice."[115] In contrast, if the insurer makes a post-complaint election, "the court shall dismiss the action against the

---

different outcome *even though* there is no reasonable possibility a plaintiff can establish a claim against the insurer's agent. *Stephens v. Safeco Ins. Co. of Indiana*, No. 4:18-cv-00595, 2019 WL 109395, at *7 (E.D. Tex. Jan. 4, 2019).

[109] *See* Dkt. No. 12 at 6, ¶ 14.

[110] *Massey v. Allstate Vehicle & Prop. Ins. Co.*, No. H-18-1144, 2018 U.S. Dist. LEXIS 101068, at *8 (S.D. Tex. June 18, 2018) (Miller, J.) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006)).

[111] *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 LAWRENCE B. SOLUM, MOORE'S FEDERAL PRACTICE - CIVIL § 134.02[1][d] (3d ed. 2011)) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

[112] *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 296–97 (5th Cir. 2019).

[113] *See supra* notes 74–75.

[114] Dkt. No. 12 at 8, ¶ 17.

[115] TEX. INS. CODE ANN. § 542A.006(b) (West 2020).

agent with prejudice."[116] Plaintiffs point to the lack of "no cause of action exists" language in the latter case for the proposition that a post-complaint election "does not eliminate a claimant's cause of action against the adjuster for improper claims handling."[117] However, in either case, the insurer's election "accept[s] whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim."[118] Furthermore, "[i]f an insurer makes an election under Subsection (a) . . . a judgment against the insurer must include any liability that would have been assessed against the agent."[119] The critical point is that, under either subsection (b) or (c) for a pre- or post-complaint election, the claim against the agent must be dismissed with prejudice, and with no valid claim against a non-diverse defendant, the parties are diverse from each other.[120]

Plaintiffs' last point is that § 542A.006 in the Texas Insurance Code was enacted "to circumvent the federal rules related to removal" and thus directly collides with 28 U.S.C. § 1441.[121] The Court must analyze whether "the scope of [the federal Rule] is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law."[122] "A direct collision can occur between state and federal law even when the federal law's 'discretionary mode of operation' conflicts with nondiscretionary state law, in which case federal law will apply. In other words, when the federal rules answer a 'disputed question differently' than state rules, the federal rule

---

[116] *Id.* § 542A.006(c).
[117] Dkt. No. 12 at 8, ¶ 17.
[118] TEX. INS. CODE ANN. § 542A.006(a).
[119] *Id.* § 542A.006(g).
[120] *See supra* note 30.
[121] Dkt. No. 12 at 9–10, ¶ 23.
[122] *Espinoza, v. State Farm Mut. Auto. Ins. Co.*, No. 7:19-cv-00299, 2020 WL 4333558, at *5 (S.D. Tex. July 28, 2020) (Alvarez, J.) (alteration in original) (quoting *All Plaintiffs v. All Defendants*, 645 F.3d 329, 333 (5th Cir. 2011)).

prevails."[123] Plaintiffs cite no particular provision of 28 U.S.C. § 1441 that supposedly conflicts with or leaves no room for Texas Insurance Code § 542A.006, likely because there is no such provision, instead arguing that § 542A.006 is simply designed "to circumvent the federal rules related to removal and allow insurers to remove cases to federal court regardless of whether the Plaintiffs stated a viable claim against an in-state adjuster."[124] But in the same breath, Plaintiffs admit that § 542A.006 merely "allows the insurer to accept liability for the adjuster's act; it does not do away with that liability."[125] Plaintiffs do not explain *how* § 542A.006 conflicts with federal law, and if the Court were to accept Plaintiffs' argument that state law controlled which Defendants are liable for what claims so therefore cases are nonremovable, then no state law claim could ever be in federal court. Such a holding would clearly conflict with the federal rules.[126]

The final question remains whether Defendant's election of liability vests the Court with jurisdiction over this case. In the usual case, a state court order clearly resolves a party's liability and that party then "exit[s] the case."[127] Here, Defendant elected liability under § 542A.006(a) on August 4, 2020, one day before removal,[128] and no state court order has provided for Defendant David Backer's denouement. In this case, the Fifth Circuit instructs the court to "ask whether 'there [is] any reasonable possibility that a state court would rule against the non-diverse defendant.'"[129] Under § 542A.006, irrespective of whether the insurer elected liability before or after the plaintiff's complaint, "an insurer 'may not revoke, and a court may not nullify, an

---

[123] *Id.* (quoting *Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 297 (5th Cir. 2016)).
[124] Dkt. No. 12 at 10, ¶ 23.
[125] *Id.* at 9, ¶ 22.
[126] *See* 28 U.S.C. §§ 1332, 1367, 1441 (providing for diversity and supplemental jurisdiction over state law claims); *Yarco Trading Co. v. United Fire & Cas. Co.*, 397 F. Supp. 3d 939, 949 (S.D. Tex. 2019) (Marmolejo, J.) (holding that § 542A.006 applies in federal court).
[127] *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 297 (5th Cir. 2019).
[128] Dkt. No. 1-5.
[129] *Hoyt*, 927 F.3d at 296 (alteration in original) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)).

insurer's election.' The statute does not require . . . the insurer to take any steps other than the election in order for the court to dismiss the action against the agent."[130]

> When an insurer makes an election under Section 542A.006, it is final and cannot be revoked or nullified, and it requires that the agent must be dismissed from the action, rendering a plaintiff "unable (not merely unlikely) to succeed on their claims" against a non-diverse agent. Accordingly, where a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court <u>at the time of removal</u>, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes.[131]

Accordingly, a § 542A.006 election renders Plaintiffs unable to recover against Defendant Backer in personam and Defendant Backer is effectively dismissed from this case.[132] Because Defendant Allstate's § 542A.006(a) election cannot be nullified,[133] Plaintiff has no reasonable possibility of establishing a cause of action against the non-diverse party in state court and the Court holds that Defendant's election has no reasonable possibility of being reversed on appeal.[134] The Court agrees with Defendants that Defendant Backer was improperly joined at the time of removal.[135] Therefore, Plaintiffs' argument that they have stated valid claims against Defendant Backer are irrelevant for diversity jurisdiction purposes,[136] because all of Plaintiffs' claims against Defendant Backer are subsumed by Defendant Allstate's liability election[137] and Defendant Allstate is a citizen of a different state.[138]

---

[130] *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *2 (W.D. Tex. Nov. 18, 2019) (quoting TEX. INS. CODE ANN. § 542A.006(f) (West 2020)).

[131] *Id.* at *4 (quoting *Flores v. Allstate Vehicle & Prop. Ins. Co. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018)).

[132] *See Ewell v. Centauri Specialty Ins. Co.*, No. CV H-19-1415, 2019 WL 2502016, at *2 n.2 (S.D. Tex. June 17, 2019).

[133] TEX. INS. CODE ANN. § 542A.006(f).

[134] *See Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 296–97 (5th Cir. 2019).

[135] *See* Dkt. No. 1 at 2, ¶ 5.

[136] *See* Dkt. No. 12 at 10, ¶ 25; *id.* at 13–14, ¶ 30.

[137] TEX. INS. CODE ANN. § 542A.006 (West 2020).

[138] *See* 28 U.S.C. § 1332(a). *Compare* Dkt. No. 1 at 3, ¶ 10 (Allstate is a citizen of Illinois), *with* Dkt. No. 1-2 at 2, ¶ 3 (Plaintiffs are citizens of Texas).

In conclusion, the Court holds that an insurer's proper election of liability[139] for a non-diverse agent under Texas Insurance Code § 542A.006(a), irrespective of the time that election is made, effectively and irreversibly dismisses the agent from the case and results in no reasonable basis for the District Court to predict that the plaintiff may be able to recover against the agent, thereby resulting in a disregard of the citizenship of the agent for purposes of analyzing diversity jurisdiction under 28 U.S.C. § 1332(a).

### 2. Whether the Amount in Controversy Exceeds $75,000

Even if the parties are diverse in citizenship, the amount in controversy must exceed $75,000 for the Court to have diversity jurisdiction over this case.[140] Plaintiffs contend the amount in controversy does not exceed $75,000.[141] Defendants argue the amount in controversy plainly exceeds $75,000.[142]

When the amount in controversy is at issue, the Court makes an arithmetical assessment of the claims and values at issue as of the moment of removal; subsequent events which purport to change the amount in controversy do not oust the Court's jurisdiction.[143] The party invoking federal diversity jurisdiction "bears the burden of establishing the amount in controversy by a preponderance of the evidence."[144] If the plaintiff claims a specific amount in the complaint, the amount stated "is itself dispositive of jurisdiction if the claim is apparently made in good faith."[145] In other words, "where the district court is making the 'facially apparent

---

[139] *See* TEX. INS. CODE ANN. § 542A.006(e) ("An insurer's election under Subsection (a) is ineffective to obtain the dismissal of an action against an agent if the insurer's election is conditioned in a way that will result in the insurer avoiding liability for any claim-related damage caused to the claimant by the agent's acts or omissions.").

[140] 28 U.S.C. § 1332(a).

[141] Dkt. No. 12 at 17, ¶ 36.

[142] Dkt. No. 13 at 3, ¶ 2 (bullet point).

[143] *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").

[144] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

[145] *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (quotation omitted).

determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed" the requisite $75,000.[146] However, a plaintiff's bare allegations do not "invest a federal court with jurisdiction."[147] The Fifth Circuit explained,

> [w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.[148]

"In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists."[149] The removing defendant can meet its burden if it shows by a preponderance of the evidence that: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount"[150] such as "affidavits and deposition testimony."[151] If the removing party carries its burden, the party opposing removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold."[152]

---

[146] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).

[147] *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *abrogated on other grounds*, 544 U.S. 431 (2005).

[148] *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).

[149] *Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)); *see Scarlott*, 771 F.3d at 888 (if the plaintiff did not state a specific amount in the complaint, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold).

[150] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (alteration in original) (quotation omitted); *see Allen*, 63 F.3d at 1335 (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").

[151] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).

[152] *Chavez*, 746 F. App'x at 341. The amount claimed controls unless it can be demonstrated "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *accord De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (holding that, if the amount claimed is not in good faith, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

Generally, attorneys' fees are not includible in determining the amount in controversy, but the exceptions are when attorneys' fees are provided for by contract and when "a statute mandates or allows the payment of such fees."[153] For example, when ascertaining the amount in controversy under an insurance policy, the amount may include the policy limits, potential attorneys' fees, penalties, statutory damages, and punitive damages, but not interest or costs.[154]

The Court finds that it is apparent from the face of the petition that the claims likely exceed $75,000. Plaintiffs first assert that their original petition's statement seeking monetary relief between $100,000 and $200,00[155] was required by Texas Rule of Civil Procedure 47 and did not state an exact damage amount, therefore "there is an ambiguity on the face of Plaintiff's petition."[156] But Texas Rule of Civil Procedure 47(c) permits Plaintiffs to seek damages of $100,000 or less. Plaintiffs' argument does not indicate that the amount Plaintiffs claimed was not in good faith. Furthermore, Plaintiffs "intend for discovery to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure" and allege that "this case involves complex issues, will require extensive discovery, and Plaintiffs seek monetary relief over $100,000."[157] Level 3 discovery "is designed for complex cases involving greater damages and discovery than could be easily accommodated by the lower-level discovery control plans" and indicates that the amount in controversy is high.[158] A "request for a Level 3 discovery schedule supports [Defendants'] argument that the amount in controversy exceeded $75,000."[159] Given Plaintiffs' allegations of complexity and repeated requests for damages in excess of $100,000, the Court

---

[153] *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).
[154] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & nn.6–7 (5th Cir. 1998).
[155] Dkt. No. 1-2 at 1–2, ¶ 2.
[156] Dkt. No. 12 at 17–18, ¶ 36.
[157] Dkt. No. 1-2 at 1, ¶ 1.
[158] *Noyola v. State Farm Lloyds*, No. 7:13-CV-146, 2013 WL 3353963, at *3 n.32 (S.D. Tex. July 3, 2013) (Alvarez, J.).
[159] *List v. PlazAmericas Mall Texas, LLC*, No. CV H-18-4810, 2019 WL 480130, at *3 (S.D. Tex. Feb. 7, 2019) (Rosenthal, C.J.).

finds that Plaintiffs' allegations were made in good faith and establish that it is facially apparent from Plaintiffs' complaint that the amount in controversy is likely to exceed $75,000. Accordingly, Plaintiffs' argument that the Court should award attorneys' fees pursuant to 28 U.S.C. § 1447(c) because Defendants do "not have objectively reasonable grounds for this removal" is **DENIED**.[160] Plaintiffs' motion to remand is **DENIED**.[161]

### III. MOTION TO DISMISS

Having held that the Court has jurisdiction over this case and that Defendant Allstate has subsumed all claims against Defendant Backer, the Court now considers "Defendant Allstate Vehicle and Property Insurance Company's Motion for Partial Dismissal Under Rule 9(b) and 12(b)(6)"[162] and Plaintiffs' response[163] and Defendant's reply.[164]

#### a. Legal Standards

The Court uses federal pleading standards to determine the sufficiency of a complaint.[165] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[166] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[167] The Court reads the complaint as a whole[168] and accepts all well-pleaded facts as true (even if doubtful or

---

[160] Dkt. No. 12 at 19, ¶ 40.
[161] Dkt. No. 12.
[162] Dkt. No. 2.
[163] Dkt. No. 16.
[164] Dkt. No. 18.
[165] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).
[166] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted).
[167] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[168] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

suspect[169]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[170]), but will not strain to find inferences favorable to the plaintiff,[171] but also will not indulge competing reasonable inferences that favor the Defendant.[172] A plaintiff need not plead evidence[173] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[174] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[175]

In evaluating a motion to dismiss, Courts first disregard any conclusory allegations or legal conclusions[176] as not entitled to the assumption of truth,[177] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[178] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[179] Courts have "jettisoned the

---

[169] *Twombly*, 550 U.S. at 555–56.

[170] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).

[171] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

[172] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[173] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).

[174] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).

[175] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).

[176] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

[177] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

[178] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

[179] *Iqbal*, 556 U.S. at 678.

[earlier] minimum notice pleading requirement"[180] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible,"[181] because discovery is not a license to fish for a colorable claim.[182] The complaint must plead every material point necessary to sustain recovery; dismissal is proper if the complaint lacks a requisite allegation.[183] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[184]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[185] Attachments to the complaint become part of the pleadings for all purposes,[186] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[187] except in the case of affidavits.[188] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[189] but not if the material is a matter of public record[190] and not if a

---

[180] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).

[181] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).

[182] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[183] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

[184] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))

[185] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

[186] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).

[187] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014)

[188] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").

[189] FED. R. CIV. P. 12(d).

[190] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[191]

In addition, Federal Rule of Civil Procedure 9(b) requires that Plaintiffs, "[i]n alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) extends to all claims or allegations in which the gravamen is fraud, even if the associated theory of liability is not technically termed fraud.[192] For example, certain Texas Deceptive Trade Practices-Consumer Protection Act[193] claims may have to meet the Rule 9(b) standard.[194] "The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, plaintiffs must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[195] This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[196] To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the

---

[191] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).

[192] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (collecting cases).

[193] TEX. BUS. & COM. CODE ANN. § 17.41 (West 2020).

[194] *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017) (Alvarez, J.) (collecting cases); *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) (Tagle, J.) (collecting cases).

[195] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) & *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).

[196] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).

representations misleading."[197] The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; Plaintiffs must delineate which Defendant is responsible for which allegedly fraudulent activity.[198] The allegations must "enlighten *each defendant* as to his or her particular part in the alleged fraud."[199] Courts will "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[200]

### b.  Analysis

Defendant moves to dismiss "Plaintiffs' claims for statutory misrepresentation, all claims sounding in fraud, and the breach of the duty of good faith and fair dealing."[201]

### 1.  *Misrepresentation Claims*

Defendant moves to dismiss Plaintiffs' "misrepresentation claims," arguing that "Plaintiffs' Original Petition does not allege sufficient facts to support their claim for misrepresentation under Rule 9(b) or Rule 12(b)(6)."[202] The Court is uncertain what precise claims Defendant seeks to dismiss. Plaintiffs claim violation of Texas Insurance Code §§ 541.060(a)(1) and 542.003(b)(1) which provide that it is unlawful to misrepresent "to a claimant a material fact or policy provision relating to coverage at issue,"[203] and the Court assumes this is the claim Defendant attacks. Plaintiffs allege that "INSURANCE DEFENDANT [Allstate Vehicle and Property Insurance Company] misrepresented to Plaintiffs that the damage

---

[197] *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).

[198] *Verde Minerals, LLC v. Burlington Res. Oil & Gas Co., LP*, No. CV 2:16-463, 2017 WL 9535076, at *10 (S.D. Tex. June 30, 2017) (Ramos, J.) (citing *Southland Sec. Corp. v. INSpire Ins. Sols.*, 365 F.3d 353, 365 (5th Cir. 2004)).

[199] *Southland Sec. Corp.*, 365 F.3d at 365 (emphasis in original) (quotation omitted).

[200] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

[201] Dkt. No. 2 at 4, ¶ 9.

[202] Dkt. No. 2 at 5, ¶ 14.

[203] Tex. Ins. Code Ann. § 541.060(a)(1) (West 2020); *id.* § 542.003(b)(1) ("Any of the following acts by an insurer constitutes unfair claim settlement practices: knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue."); *see id.* § 541.151 (authorizing a private action for damages); 28 Tex. Admin. Code § 21.203 (2020).

to the Property was not covered under the Policy. Specifically, INSURANCE DEFENDANT stated although there were damages these damages were caused by wear and tear and not caused by windstorm or hail, even though the damages were indeed caused by windstorm and hail."[204] Plaintiffs argue this allegation is sufficient to state a claim for violation of § 541.060(a)(1),[205] particularly when considered together with other allegations.[206] Defendant argues Plaintiffs' allegations are too vague to state a claim.[207]

The Court finds that Plaintiffs' allegations do state a claim, even under the heightened Rule 9(b) standard. Plaintiffs allege that Defendant's insurance adjuster (David Backer) inspected Plaintiffs' property on June 24, 2018, then denied Plaintiffs' claim in a denial letter on June 27th.[208] Plaintiffs specified the property in McAllen, Texas, where the inspection took place.[209] Plaintiffs specified the alleged misrepresentation: the insurance agent "stated although there were damages these damages were caused by wear and tear and not caused by windstorm or hail, even though the damages were indeed caused by windstorm and hail."[210] Plaintiffs further allege Defendant "ignored covered damages to the Property and refused to address all the damages caused by the loss. Specifically, rather than scoping the damages for a covered loss, INSURANCE DEFENDANT prepared a denial letter stating there was no coverage available for the loss being claimed," which had the effect of misrepresenting covered damage.[211] Taking Plaintiffs' allegations as true,[212] the Court finds them sufficient to state a claim for violation of Texas Insurance Code § 541.060(a)(1). This case is distinguishable from the cases Defendant

---

[204] Dkt. No. 1-2 at 5, ¶ 19.
[205] Dkt. No. 16 at 6, ¶ 15.
[206] *Id.* at 7–8, ¶¶ 15–16.
[207] Dkt. No. 2 at 7–8, ¶¶ 17–19.
[208] Dkt. No. 1-2 at 9–10, ¶¶ 38–39.
[209] *Id.* at 3, ¶ 10.
[210] *Id.* at 5, ¶ 19.
[211] *Id.* at 9–10, ¶¶ 39–40.
[212] *See supra* note 169.

points to[213] in which other district courts have dismissed § 541.060 claims because Plaintiffs' claims are not impermissibly "vague and general,"[214] or contradictory.[215] Accordingly, Defendant's motion to dismiss is **DENIED** to the extent it seeks to dismiss Plaintiffs' "misrepresentation claims."[216]

### 2. Common Law Bad Faith Claim

Defendant argues that "Plaintiffs' Original Petition does not allege sufficient facts to support their claim for a breach of the common law duty of good faith and fair dealing under Rule 12(b)(6)."[217] Plaintiffs' count 3 is entitled "Breach of the Duty of Good Faith and Fair Dealing" and alleges that Defendant "has refused to pay Plaintiffs in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment," which allegedly breaches "the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts."[218] Defendant argues Plaintiffs' allegations are impermissibly vague.[219] Plaintiffs respond that their allegations meet the threshold pleading standard.[220] Defendant replies that Plaintiffs' authority is distinguishable and their allegations are still too vague.[221]

"A cause of action for breach of the duty of good faith and fair dealing is stated when it is alleged that there is no reasonable basis for denial of a claim or delay in payment or a failure on the part of the insurer to determine whether there is any reasonable basis for the denial or

---

[213] Dkt. No. 2 at 6–8, ¶¶ 15–19.
[214] *Hart v. Nationwide Prop. & Cas. Ins. Co.*, No. CIV.A.H-10-2558, 2011 WL 2210034, at *5 (S.D. Tex. May 5, 2011) (Harmon, J.); *see Gardezi v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:15-CV-01663, 2016 U.S. Dist. LEXIS 107649, at *8 (S.D. Tex. Jan. 7, 2016) ("Plaintiffs' allegations against Clay lack detail and are conclusory.").
[215] *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, No. 4:10-CV-4519, 2012 WL 4052914, at *4 (S.D. Tex. Sept. 13, 2012) (Harmon, J.).
[216] Dkt. No. 2 at 5.
[217] *Id.* at 8, ¶ 19.
[218] Dkt. No. 1-2 at 8, ¶¶ 34–35.
[219] Dkt. No. 2 at 9, ¶ 22.
[220] Dkt. No. 16 at 8–12, ¶¶ 19–23.
[221] Dkt. No. 18 at 5–6, ¶¶ 8–10.

delay."[222] "[T]he common-law bad-faith standard is the same as the statutory standard."[223] "A plaintiff in a bad-faith case must prove the *absence* of a reasonable basis to deny the claim, a negative proposition."[224] Stated differently, "the insured must prove that the insurer had no reasonable basis for the denial or delay in payment of a claim and that the insurer knew or should have known of that fact. An insurer does not breach its duty merely by erroneously denying a claim," and a good faith dispute as to coverage obviates a finding of bad faith.[225] An "'insurer violates its duty of good faith and fair dealing by denying or delaying payment of a claim when the insurer knew or should have known that it was reasonably clear that the claim was covered' and . . . 'an insurer cannot shield itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denying a claim.'"[226] The Texas Supreme Court held that "[a]n insurer will not escape liability merely by failing to investigate a claim so that it can contend that liability was never reasonably clear. Instead, we reaffirm that an insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim."[227] However, "[a] claim for breach of the duty of good faith and fair dealing is separate from any claim for breach of the underlying insurance contract, and the threshold of bad faith is reached only when the breach of contract is accompanied by an

---

[222] *Arnold v. Nat'l Cnty. Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987), *abrogated on other grounds by Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex. 1990); *see* Tex. Civ. Pattern Jury Charge 103.1.

[223] *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *accord Callaway v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:10-CV-2524, 2011 WL 13272437, at *5 n.4 (S.D. Tex. July 11, 2011) (Ellison, J.) (collecting cases); *see* TEX. INS. CODE ANN. § 541.060(a)(2)(A) (West 2020) ("failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear" is an unfair settlement practice).

[224] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 51 (Tex. 1997).

[225] *Hudspeth v. Enter. Life Ins. Co.*, 358 S.W.3d 373, 389 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citation omitted).

[226] *Luna v. Nationwide Prop. & Cas. Ins. Co.*, 798 F. Supp. 2d 821, 829 (S.D. Tex. 2011) (Harmon, J.) (quoting *Travelers Personal Sec. Ins. Co. v. McClelland*, 189 S.W.3d 846, 852 (Tex. App.—Houston [1st Dist.] 2006, no pet.)).

[227] *Giles*, 950 S.W.2d at 56 n.5.

independent tort."[228] "[T]he evidence pointing to bad faith 'must relate to the tort issue of no reasonable basis for denial or delay in payment of a claim, not just to the contract issue of coverage.'"[229] Also, "[a] breach of the common-law duty of good faith and fair dealing inherent in the dealings between an insurer and its insured must be the proximate, rather than producing, cause of damage,"[230] meaning "that (1) the cause must be a substantial cause of the event in issue and (2) it must be a but-for cause, namely one without which the event would not have occurred."[231]

Plaintiffs point to numerous allegations that they argue go to the absence of a reasonable basis for denial of their insurance claim and a failure to reasonably investigate.[232] Specifically, Plaintiffs allege that "INSURANCE DEFENDANT stated although there were damages [to the covered property,] these damages were caused by wear and tear and not caused by windstorm or hail, even though the damages were indeed caused by windstorm and hail."[233] Plaintiffs further allege that, at the time they presented the insurance claim to Defendant, "its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear" and Defendant refused to pay "despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment" because Defendant's adjuster inspected the property but "ignored covered damages to the Property and refused to address all the damages caused by the loss," which has consequently resulted in neglect of the property damage thus "causing further damage to the Property, and causing undue hardship and burden to

---

[228] *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 283 (Tex. 1994) (citation omitted).
[229] *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 869 (5th Cir. 2014) (quoting *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 600 (Tex. 1993)).
[230] *Provident Am. Ins. Co. v. Castañeda*, 988 S.W.2d 189, 193 n.13 (Tex. 1998).
[231] *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 46 (Tex. 2007).
[232] Dkt. No. 16 at 10–11, ¶ 22 (citing Dkt. No. 1-2, ¶¶ 19, 33, 35–36, 39, 48).
[233] Dkt. No. 1-2 at 5, ¶ 19.

Plaintiffs."[234] Mere allegations that an insurer failed to conduct a reasonable investigation and had no reasonable basis to deny the insurance claim would be impermissibly conclusory, but here Plaintiffs specifically allege that the insurer had no reasonable basis to deny the claim *because* the adjuster conducted an outcome-oriented investigation and ignored covered damages caused by a windstorm and hail. At this stage of analysis, "[t]he issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."[235] The Court is to give a liberal construction to the pleadings and disentitle Plaintiffs from offering evidence to clarify, develop, and support their theories of liability only if there is no basis for liability; all that is required at this stage is "a short and plain statement of the claim."[236] Taking Plaintiffs' allegations that the insurance adjuster ignored windstorm and hail damages as true, the Court finds that Plaintiffs sufficiently allege the insurer lacked a reasonable basis for the denial of coverage and that the insurer knew or should have known of such absence.[237] This case is distinguishable from the case Defendant points to in which the plaintiff entirely failed to allege what the insurer knew or should have known at the time it denied his claims or how the insurer's investigation was not reasonable or that the insurer's liability was reasonably clear[238] because here Plaintiffs do make specific allegations.

---

[234] Dkt. No. 1-2, ¶¶ 35, 39, 48.
[235] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).
[236] FED. R. CIV. P. 8(a)(2).
[237] *See Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 869 (5th Cir. 2014).
[238] Dkt. No. 2 at 9, ¶ 22 (quoting *Luna v. Nationwide Prop. & Cas. Ins. Co.*, 798 F. Supp. 2d 821, 830–31 (S.D. Tex. 2011) (Harmon, J.)).

Defendant makes no other arguments for dismissal. Accordingly, Defendant's motion for partial dismissal[239] is **DENIED**.

## IV. CONCLUSION AND HOLDING

For the foregoing reasons, the Court finds that diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) is proper in this Court and holds that Plaintiffs' motion to remand[240] is **DENIED**. The Court also finds that Plaintiffs do state a claim for misrepresentation and common law bad faith and holds that Defendant's motion for partial dismissal[241] is **DENIED**. Plaintiffs' request for attorneys' fees under 28 U.S.C. § 1447(c) is **DENIED**. The Court has no occasion to reach Plaintiffs' request that Plaintiffs should be allowed to file an amended petition rather than incurring dismissal of their claims because there are no "deficiencies identified by this Court" in Plaintiffs' original petition,[242] so Plaintiffs' request is **DENIED AS MOOT**, but the Court adds that perfunctory requests for leave to amend are seldom granted.[243]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 29th day of September 2020.

_____
Micaela Alvarez
United States District Judge

---

[239] Dkt. No. 2.
[240] Dkt. No. 12.
[241] Dkt. No. 2.
[242] Dkt. No. 1-2.
[243] *Curtis v. Cerner Corp.*, No. 7:19-CV-00417, 2020 WL 4934950, at *3 n.32 (S.D. Tex. Aug. 24, 2020) (Alvarez, J.) (citing *VTX Commc'ns, LLC v. AT&T Inc.*, No. 7:19-cv-269, 2020 WL 918670, at *5–6 (S.D. Tex. Feb. 26, 2020) (Alvarez, J.)).